UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELISSA GONZALEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>MULTICARE HEALTH SYSTEM,<br><br>  Defendant. | Case No. 3:23-cv-06053-TMC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

## I.   BACKGROUND

On November 15, 2024, the Court compelled Defendant MultiCare Health System to produce additional responses to discovery requests from Plaintiff Melissa Gonzalez and entered a written order compelling discovery. Dkt. 12, 14. The Court also ruled that MultiCare's objections to the discovery were not substantially justified and that Gonzalez could file a petition for her "reasonable expenses incurred" in moving the Court to compel discovery, "including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Now before the Court is Gonzalez's motion, which seeks $5,250.00 in attorney's fees for 15 hours of time. Dkt. 15. MultiCare opposes the motion, maintaining that its objections were substantially justified and that Gonzalez should not receive attorney's fees for time spent reviewing the deficient discovery responses and conferring with

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 1

opposing counsel before seeking the Court's intervention. Dkt. 16. MultiCare proposes reducing any fee award to $3,220.00. The Court must now determine what amount is reasonable.

## II.     LEGAL STANDARD

"District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* The lodestar figure is "presumptively a reasonable fee award," but "the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.*; *see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (enumerating 12 factors to consider), abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992).

District courts do not apply the *Kerr* factors in every case. "[T]here is a 'strong presumption' that the lodestar figure is reasonable," *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010), and the *Kerr* factors "are largely subsumed within the initial calculation of reasonable hours expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1212 (9th Cir. 1986); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) ("We have previously said that only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees.").

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 2

### III.   FINDINGS OF FACT

To calculate the lodestar amount, the Court relies on the following findings of fact.

1. For the reasons explained in the November 15, 2024 hearing, MultiCare's objections to the discovery requests for which the Court compelled additional responses were not substantially justified.

2. MultiCare has not challenged the reasonableness of Plaintiff's counsel's hourly rate, and the Court agrees that the rate is reasonable.

3. The 2.8 hours expended completing an initial review of MultiCare's discovery responses on August 2, 2024 are beyond the scope of Rule 37(a)(5)(A) because they would have been incurred in discovery even absent MultiCare's deficient responses.

4. The other hours sought in Plaintiff's fee petition were reasonably expended in moving the Court to compel discovery. The hours spent in the meet-and-confer process were reasonably expended because that process is required before seeking the Court's intervention.

5. The Court's reductions in fees sought by Plaintiff total $980.00.

6. The fees sought minus the Court's reductions total $4,270.00.

### IV.   CONCLUSIONS OF LAW

1. The Court approves a reasonable hourly rate of $350 for attorney Jeffrey Musto.

2. The lodestar amount of attorney's fees is $4,270.00.

3. The lodestar amount is reasonable and application of the *Kerr* factors is not warranted.

4. The Court awards Plaintiff $4,270.00 in attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(A).

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 3

## V.   CONCLUSION

Plaintiff's motion for attorney's fees (Dkt. 15) is GRANTED IN PART and DENIED IN PART as set forth above. Defendant MultiCare is ORDERED to pay Plaintiff $4,270.00 in attorney's fees within 30 days of the date of this Order. The parties are directed to confer to arrange payment instructions.

Dated this 16th day of January, 2025.

Tiffany M. Cartwright
United States District Judge